990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lynn KILBOURN, Defendant-Appellant.
 No. 92-50095.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 19, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Lynn Kilbourn, Jr. appeals his 70-month sentence imposed following entry of a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Kilbourn contends the district court erred by determining that it had no discretion to depart downward from the applicable Sentencing Guidelines sentencing range based upon his alleged youthful lack of guidance. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Although a district court's legal determination that it lacked authority to depart downward from the Guidelines is reviewable on appeal, its discretionary refusal to depart is not reviewable. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). Under the Guidelines applicable at the time Kilbourn committed the instant offense, a district court could depart downward based on a defendant's youthful lack of guidance.[1] See United States v. Floyd, 945 F.2d 1096, 1099 (9th Cir.1991).
 
 
 4
 Here, the district court clearly acknowledged at sentencing that youthful lack of guidance could provide a basis for downward departure, but nonetheless found that Kilbourn did not deserve a departure on that basis. In addition, the district court's imposition of a sentence in the middle of the applicable Guidelines sentencing range further indicates the district court did not desire to depart downward in Kilbourn's case. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991) (imposition of sentence in middle of applicable Guidelines sentencing range indicates district court exercised discretion when denying requested departure).
 
 
 5
 Because the district court exercised its discretion when it declined to depart downward on the basis of Kilbourn's alleged lack of youthful guidance, we lack jurisdiction to review this issue. See Belden, 957 F.2d at 676.[2]
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Though such a departure was available at the time Kilbourn committed his offense, it is not available effective November 1, 1992. The 1992 Sentencing Guidelines specifically abolish the "youthful lack of guidance" factor as a basis for departure. See U.S.S.G. § 5H1.12 (1992)
 
 
 [2]
 Kilbourn relies on our decision in United States v. Roe, 976 F.2d 1216 (9th Cir.1992), for the proposition that this court reviews for clear error the district court's factual findings regarding the existence of circumstances justifying downward departure. This reliance is misplaced. In Roe, we reviewed for clear error the factual findings which the district court concluded prevented it from exercising its discretion to depart downward. See id. at 1218. We expressly stated that we were "not reviewing the district court's discretionary decision not to depart downward." See id. at 1218 n. 1. Here, the district court recognized its discretion to depart downward but declined to do so based on its determination that Kilbourn did not merit such a departure