995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lane WALTER, Defendant-Appellant.
 No. 92-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided June 4, 1993.
 
 Before: D.W. NELSON, WIGGINS, AND LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Lane Walter appeals his sentence, imposed under the United States Sentencing Guidelines following his conviction by guilty plea for bank robbery in violation of 18 U.S.C. § 2113(a). Walter claims that the district court erred by concluding that it did not have authority to depart below the Guideline range based on its finding that Walter's history of childhood abuse was not extraordinary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On June 11, 1991, Walter committed an unarmed robbery of a Wells Fargo Bank in Cerritos, California. He was apprehended on August 20, 1991, immediately after he committed another unarmed robbery of a Security Pacific Bank in Long Beach, California. Walter pleaded guilty to one count of bank robbery in exchange for dismissal of the second count.
 
 
 4
 The Presentence Report ("PSR") calculated a sentencing range of 33-41 months under the Guidelines. The PSR did not identify any grounds warranting a departure from this range.
 
 
 5
 At the sentencing hearing, Walter argued for a downward departure from the Guideline range based on his emotional problems resulting from childhood abuse. Walter argued that because the emotional impact of child abuse was not considered in formulating the Guidelines, it was an appropriate basis for downward departure. Ultimately holding that it did not have the authority to depart, the court sentenced Walter to 33 months, the minimum sentence within the applicable range.
 
 DISCUSSION
 
 6
 The Guidelines provide that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.3. We recently held in United States v. Roe, 976 F.2d 1216, 1217 (9th Cir.1992), that § 5H1.3 encompasses mental and emotional conditions resulting from childhood abuse. Id.[1] Because the Commission considered the psychological effects of childhood abuse, a district court has discretion to depart based on such effects only in extraordinary circumstances. Id.[2]
 
 
 7
 Our sole inquiry is whether the district court clearly erred in finding that Walter's case did not present extraordinary circumstances. Walter alleged that he had an authoritarian stepfather who severely disciplined him, and that both his mother and stepfather sexually abused him. The district court indicated that this was not unusually severe abuse relative to other defendants:
 
 
 8
 I see people all the time who have had very, very difficult childhoods ... Children who were forced to eat dog meat and other things like that which are--and who were sexually abused on a regular basis. I don't think I have any authority to reduce it--to downwardly depart in his case.
 
 
 9
 The court also considered the possibility that Walter's version of his childhood might be fabricated, as an examining psychiatrist had found that Walter had a history of lying. The court concluded that even if his version of the facts were true, Mr. Walter's childhood abuse, though tragic, was not extraordinary enough to make a departure appropriate, given that the reference group includes many defendants who were abused as children. The district court's conclusion was not clearly erroneous.
 
 
 10
 Upon finding that extraordinary circumstances did not exist in Walter's case, the district court correctly ruled that it did not have the authority to depart downward on the basis of childhood abuse.
 
 
 11
 As we made clear in Roe, 976 F.2d at 1219, n. 1, this decision does not conflict with United States v. Morales, 898 F.2d at 103, in which we held that a district court's discretionary refusal to depart downward is not reviewable on appeal. Here, we are not reviewing a district court's discretionary decision not to depart downward. Instead, we are reviewing a factual finding that the district court correctly recognized as preventing it from exercising discretion. Had the facts supported a finding of extraordinary abuse, the district court would have had the discretion either to depart downwards or to sentence within the Guideline range. That decision would not be reviewable on appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The guidelines have since been amended to provide: "Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." U.S.S.G. § 5H1.12 (effective November 1, 1992)
 
 
 [2]
 Walter's reliance on United States v. Floyd, 945 F.2d 1096 (9th Cir.1991), is misplaced, as Floyd dealt with a factor that the Commission did not consider in formulating the Guidelines