19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon THOMPSON, (charged as Sharon Gail Brown), Defendant-Appellant.
 No. 93-50349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided March 17, 1994.
 
 1
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Sharon Thompson (Thompson) pled guilty to three counts of armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) & (d). The Pre-Sentence report computed Thompson's offense level at thirty, minus three for acceptance of responsibility, for a final base offense level of twenty-seven; it did not recommend a downward departure. The district court began with the base offense level of twenty-seven, but it then departed downward based on lack of youthful guidance and extraordinary acceptance of responsibility and reduced Thompson's criminal history category from three to two. Thompson was sentenced to sixty-three months in custody, followed by three years of supervised release. Thompson is scheduled for release on March 14, 1997.
 
 
 4
 The sole issue in this appeal concerns the propriety of the sentence in light of the sentencing court's not departing downward on two additional grounds Thompson had urged upon the court: extraordinary childhood abuse and extreme physical impairment. The sentence is appealable (18 U.S.C. 3742(a)(2)), and our jurisdiction is proper under 28 U.S.C. Sec. 1291. We affirm.
 
 STANDARD OF REVIEW
 
 5
 We review de novo the district court's determination that it lacked the discretion to depart ( United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992)), but we lack jurisdiction to review the district court's discretionary refusal to depart from the Guidelines ( United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993)). The purely factual findings of the district court in connection with sentencing are reviewed for clear error ( United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992)), but the sentencing court's application of the Guidelines to facts is reviewed de novo ( see United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993)).
 
 ANALYSIS
 
 6
 I. The district court's decision not to depart because of extraordinary childhood abuse.
 
 
 7
 Thompson argues that the district court should have exercised its discretion to depart downward based on "extreme childhood abuse" under United States v. Roe, 976 F.2d 1216 (9th Cir.1992). The government maintains that the district court's refusal to depart was proper, because the district court lacked the discretion to depart. The district court concluded that it could not depart, because the abuse was not of the magnitude of that in Roe such that it "compelled" a departure.
 
 
 8
 The rule of Roe is clear: "we hold that the psychological effects of childhood abuse may only be considered as a basis for departure in extraordinary circumstances." Roe, 976 F.2d at 1218 (emphasis added). Only "extraordinary" abuse is a ground for departure, because the Sentencing Commission considered the effects of less egregious childhood abuse in formulating the Guidelines. Id. Where the abuse is not extraordinary, therefore, the court cannot depart; where the court finds the abuse extraordinary, it is permitted but not compelled to depart. This is a case of the former sort, where the court found that the abuse was not extraordinary and that a departure was, therefore, not permitted. We agree.
 
 
 9
 In Roe the abuse was savage and protracted: Roe was repeatedly stripped, beaten, raped and sodomized by her mother's boyfriend for a period of years until, at the age of twelve, Roe ran away from home; thereafter the abuse resumed when Roe was made to work as a prostitute and was brutally beaten by "a series of pimps, customers and boyfriends." One medical expert testified that so extreme was the abuse that Roe had become "virtually a mindless puppet." Id.
 
 
 10
 Here, in contrast, the evidence of childhood abuse showed that Thompson was raped and beaten when she was sixteen. There was no other evidence of childhood abuse. While we are not insensitive to the abuse Thompson suffered when she was sixteen, we cannot conclude that it is of the "extraordinary" sort for which Roe makes provision. Not only was the abuse isolated--so far as the evidence showed--to the one incident, but there also was abundant evidence that Thompson recovered and took control of her life by leaving Virginia, moving back to Canada, attending college and working in a number of capacities, including owning her own businesses.
 
 
 11
 Thompson had a sad childhood, and she has been beset by miserable luck as an adult. She has had the courage to keep on going. Her life has indeed been extraordinary in the succession of events to which she has been subjected. Unfortunately, her bad luck continues: Neither the greyness of her upbringing nor the disasters that befell her qualify as reasons to require a lower sentence.
 
 
 12
 We conclude that the district court did not err in determining that it lacked the discretion to depart downward on the basis of such evidence.
 
 
 13
 II. The district court's decision not to depart downward because of extreme physical impairment.
 
 
 14
 The district court did not depart downward because of extreme physical impairment. Thompson argues that the district court erred, because (1) it did not make the necessary factual findings, and (2) it was unclear as to whether it considered itself without discretion or simply was not disposed to exercise its discretion in Thompson's favor. The government responds that there is no issue for review, because the district court clearly exercised its discretion not to depart downward.
 
 The district court explained:
 
 15
 There were other reasons which Mr. Cohen on behalf of the defendant asked me to depart, and that those were the physical impairments which Miss Brown [a/k/a Thompson] suffers from. And certainly I find that she--there's no dispute that she is subject to seizures and that she has endured several physical traumas. However, I decline to depart for extraordinary physical impairment pursuant to 5(h)1.4 (sic).
 
 
 16
 ER at 60-61.
 
 
 17
 While this explanation is not a model of clarity, it provides no reason for us to believe that the district court thought that it could not depart. Indeed, quite to the contrary, the court employed the verb reserved by English usage to those possessed of discretion: to decline. To decline is an act possible only for those privileged with discretion.
 
 
 18
 Convinced as we are, therefore, that the district court understood itself as possessed of discretion it was disinclined to exercise, we lack the jurisdiction to review its declination ( Morales, 972 F.2d at 1011).
 
 CONCLUSION
 
 19
 Because we find both of Thompson's contentions meritless, the sentence imposed by the district court must be AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3