50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gail HARRISON-PHILPOT, Defendant-Appellant.
 No. 94-30187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided March 20, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. The district court recognized that it had authority to depart downward under United States v. Roe, 976 F.2d 1216 (9th Cir.1992), but chose in its discretion not to grant such a departure. See ER 52 ("The court declines to depart downward, Mr. Filipovic. Although I have the authority to do so. I decline to depart downward in this case."). "The district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal." United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994). Because the district court recognized that it had authority to depart here, its discretionary refusal to do so is unreviewable even if, as defendant alleges, it applied a "higher legal threshold" than required under Roe in determining whether to depart.
 
 
 3
 2. In acknowledging that it had authority to depart downward under Roe, the district court implicitly found that defendant's childhood abuse was indeed extraordinary. Because the district court accepted defendant's proffer on this point, it did not abuse its discretion in refusing to hold an evidentiary hearing.
 
 
 4
 3. Under 18 U.S.C. Sec. 3553(c)(1), the district court was required to "state in open court the reasons for ... the particular sentence" it imposed. Because the district court failed to do so, defendant's sentence must be vacated. See United States v. Wilson, 7 F.3d 828, 839-40 (9th Cir.1993). Upon resentencing, the district court shall provide a statement of reasons that takes into account the factors specified in 18 U.S.C. Sec. 3553(a).
 
 
 5
 Defendant's sentence is VACATED, and the case is REMANDED to the district court for resentencing.
 
 PREGERSON, Circuit Judge, concurring:
 
 6
 I concur in the result, but I also believe that the trial court abused its discretion by not holding a hearing on the issue of whether the abuse suffered by the defendant was indeed extraordinary. Had such a hearing been held, the court might have been convinced to exercise its discretion to depart downward under United States v. Roe, 976 F.2d 1216 (9th Cir.1992).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3