56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dwayne CONNER, Defendant-Appellant.
 No. 94-50434.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1995.*
Decided May 22, 1995.
 
 1
 Before: BEEZER and TROTT, Circuit Judges, and BURNS, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Ronald Conner appeals the sentence imposed after he pleaded guilty to six counts of unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We lack jurisdiction to review a district court's discretionary decision not to depart downward but we have jurisdiction over the remainder of Conner's claims under 18 U.S.C. Sec. 3742. We affirm the sentence.
 
 
 4
 * We lack jurisdiction to review a district court's discretionary decision not to depart downward from the Sentencing Guidelines. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir. 1991); United States v. Morales, 898 F.2d 99, 102-03 (9th Cir. 1990).
 
 
 5
 The transcript of Conner's sentencing hearing demonstrates that the district court declined to depart downward either because of extraordinary child abuse or because of an over-representation of criminal activity. Initially, the district court mistakenly stated that it had no authority to downward depart when a defendant is classified as a career offender. In response, the Government directed the district court's attention to United States v. Roe, 976 F.2d 1216 (9th Cir. 1992) and United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990). These cases held that a district court may depart downward when, respectively, a defendant demonstrates an extraordinary history of child abuse or a defendant's criminal history is over-represented. The district court expressed agreement with the Government's position that a downward departure on either of these grounds was not warranted.
 
 
 6
 The district court then asked the Government for its recommended sentence "if we do not depart downwardly and the career offender status is established ...." When the district court was imposing its sentence on Conner the district court stated that without the Guidelines, "it's more than likely that I would have given you somewhere around 20 years." Finally, the district court departed downward 12 months on the basis of severe drug addiction stating that he was departing on this basis alone. Any argument that the district court believed it did not have discretion to downward depart when a defendant is classified as a career offender is without merit, because the court did just that.
 
 
 7
 We hold that the record is sufficiently clear to demonstrate that the district court exercised its discretion not to depart downward. This discretionary decision is not reviewable and this portion of the appeal is dismissed.
 
 II
 
 8
 The question whether the abuse suffered by Conner is extraordinary remains. We permit limited appellate review of the factual finding concerning whether child abuse was extraordinary. This factual finding is reviewed for clear error. United States v. Roe, 976 F.2d 1216, 1218 (9th Cir. 1992).
 
 
 9
 Conner introduced a statement from his mother and a personal letter detailing the abuse he suffered as a child. Conner says that he was abused physically and subjected to unspecified mental abuse by at least three foster parents.
 
 
 10
 This abuse, while terrible, does not approach that suffered by the defendant in Roe. In Roe, the defendant suffered repeated physical and sexual abuse by numerous persons up until and including the time she committed her crimes. Psychologists testified that Roe had become "virtually a mindless puppet." Roe, 976 F.2d at 1218.
 
 
 11
 In contrast, Conner is a 48 year old male and the abuse he suffered ended approximately 30 years prior to the instant offenses. The psychologist's report concerning Conner mentions childhood abuse in passing but does not refer to any residual trauma and concludes that there is insufficient support for a diminished intent defense.
 
 
 12
 We hold that the district court did not clearly err in determining that the abuse suffered by Conner was not extraordinary.
 
 III
 
 13
 Conner next argues that the district court erred in classifying him as a career offender. Because Conner first raises this error on appeal, we may review this claim for plain error. See Fed. Rule Crim. P. 52(b); United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir. 1992); cert. denied, 113 S. Ct. 1290 (1993).
 
 Under the Sentencing Guideline Sec. 4B1.1:
 
 14
 [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 15
 A prior conviction may be used to classify a defendant as a career offender when the conviction results in a sentence in excess of one year and one month and the defendant was incarcerated as a result of this offense during any part of the fifteen year period immediately proceeding the present offense. U.S.S.G. Secs. 4A1.2(e)(1), 4B1.2 comment n.4.
 
 
 16
 Conner argues that the district court erred by including a 1968 conviction for robbery in classifying him as a career offender. He contends that this 1968 conviction was erroneously used to classify him as a career offender because the sentence imposed for this crime was a ten year suspended sentence with a five year period of probation.[1] However, in 1975, Conner violated his probation and was ordered to serve the original ten year sentence. Conner was still serving this sentence during the 15 year period and it was properly used in classifying him a career offender.
 
 
 17
 Conner willfully committed the 1975 crime resulting in the revocation of probation and imposition of the ten year prison term for the 1968 offense. If Conner had avoided criminal conduct as required by his probation, the 1968 conviction could not have been used to classify him as a career offender. We hold that Conner was correctly classified as a career offender.
 
 
 18
 DISMISSED, in part, and AFFIRMED, in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Conner was not sentenced for this offense until 1972 because he failed to appear for the sentencing hearing and was convicted of robbery in California shortly after the 1968 conviction. After his release from California state court in 1972, Conner was sentenced for the 1968 robbery in Nevada