67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Termel CARTER, Defendant-Appellant.
 No. 94-50637.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Termel Carter appeals his sentence of 125 months imposed following a guilty plea to armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) and (d). Carter contends that the district court erred by denying a downward departure based on the government's pre-arraignment delay. Carter also argues that the district court relied on erroneous facts in its denial of a downward departure for overrepresentation of criminal history. We affirm.
 
 
 3
 We lack jurisdiction to review a district court's denial of a downward departure if it was discretionary and did not rest upon the court's belief that it lacked legal authority to depart. See United States v. Cantu, 12 F.3d 1506, 1510 (9th Cir.1993); see also United States v. Koenig, 952 F.2d 267, 273-74 (9th Cir.1991) (district court's comments reflected that it denied downward departure based on facts of case and defendant's culpability, not on belief that it lacked legal authority to depart); United States v. Sanchez, 914 F.2d 1355, 1363-64 (9th Cir.1990) (imposing sentence above Sentencing Guidelines' minimum indicated district court's exercise of discretion), cert. denied, 499 U.S. 978 (1991).
 
 
 4
 Prior to his sentencing, Carter filed a sentencing memorandum, arguing that the government's four-month delay between Carter's confession to the crime and his arraignment warranted a downward departure. Carter advanced the same argument at the sentencing hearing. However, the district court was not "terribly convinced" by the argument, considering Carter's criminal history, the facts of his "cold, calculated" offense, and his involvement and culpability. See Cantu, 12 F.3d at 1510; Koenig, 952 F.2d at 273-74. Furthermore, the district court imposed the maximum sentence under the Sentencing Guidelines. See Sanchez, 914 F.2d at 1363-64. Since the record does not indicate that the district court believed that it could not depart as a matter of law, the decision was discretionary and thus not reviewable. See Cantu, 12 F.3d at 1510.
 
 
 5
 Carter also argues that the district court relied on erroneous facts in deciding not to depart for an allegedly overrepresented criminal history category. In particular, Carter argues that the district court's statement that Carter had "seventy-seven convictions" was not supported by the record. Although a district court's discretionary decision is not reviewable, we retain jurisdiction to review the district court's factual findings in exercising its discretion. See United States v. Roe, 976 F.2d 1216, 1217-18 (9th Cir.1992) (reviewing district court's factual findings for clear error when denial of downward departure was in court's discretion). However, we find this argument moot because the corrected sentencing transcript reflects that the "seventy-seven convictions" was a transcription error and the district court actually stated that Carter had "seven convictions, ... many of [which] are violent acts."[1] Moreover, the sentence imposed reflects that the district court based its computation on a criminal history category of V, resulting from Carter's six prior convictions.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to our order directing the district court to advise us whether the statement made during the November 28, 1994 sentencing hearing that Carter had "seventy-seven convictions" is correct, an amended sentencing transcript was filed
 
 
 [2]
 One of the Carter's seven criminal convictions was not included in the criminal history category calculation