70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nahum McCOMBS, Defendant-Appellant.
 No. 94-50531.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 20, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nahum McCombs appeals his sentence following his conviction for armed bank robbery and use of a firearm during a crime of violence in violation of 18 U.S.C. Secs. 2113(a), (d), and 924(c). He challenges the district court's decision not to depart downward from the Sentencing Guidelines based on the abuse he suffered as a child. We have jurisdiction to determine whether the factual basis of that decision was clearly erroneous. 18 U.S.C. Sec. 3742; United States v. Roe, 976 F.2d 1216, 1218 and n. 1 (9th Cir.1992). We affirm.
 
 
 3
 The record reveals a great deal of suffering in McCombs' childhood, especially at the hands of his father, who physically and emotionally abused his children and his wife. Not surprisingly, the abuse had lasting effects on McCombs' psychological condition, and there was some evidence linking McCombs' condition to his involvement in the armed robbery.
 
 
 4
 In considering whether these circumstances should affect McCombs' sentence, the district court was constrained by the Sentencing Commission's conclusion that a federal criminal defendant's emotional and mental condition will ordinarily not be a basis for departure. U.S.S.G. Sec. 5H1.3. "[T]he psychological effects of childhood abuse may only be considered as a basis for departure in extraordinary circumstances." Roe, 976 F.2d at 1218. The district court concluded that McCombs' abuse was not extraordinary. Based on the record, this finding was not clearly erroneous. McCombs' probation report did not recommend a downward departure based on McCombs' abuse.
 
 
 5
 McCombs contends that the district court believed that it lacked authority to depart unless McCombs showed that his abuse was so severe as to make him, like the defendant in Roe, a "mindless puppet." We reject the argument. The district court recognized and understood the standard. It demonstrated that understanding by inviting McCombs' attorney to address the issue of abuse at the sentencing hearing. The court's "mindless puppet" comment did not reveal a belief that it lacked authority to consider abuse less severe than that in Roe.
 
 
 6
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3