No. 95-3936

Yoganand Premachandra,                    *
                                          *
        Petitioner-Appellant,             *
                                          * Appeal from the United States
        v.                                * District Court for the
                                          * Eastern District of Missouri.
United States of America,                 *
                                          *
        Respondent-Appellee.              *

                    Submitted: September 12, 1996

                      Filed: November 21, 1996

Before LOKEN, HEANEY, AND JOHN R. GIBSON, Circuit Judges.

LOKEN, Circuit Judge.

        After pleading guilty to two counts of armed bank robbery, Yoganand
Premachandra was sentenced to fifty-one months in prison, the bottom of his
Guidelines range, and three years of supervised release.  He appealed, and
we affirmed the conviction and sentence.  United States v. Premachandra,
32 F.3d 346, 349 (8th Cir. 1994).  Premachandra now appeals the district
court's[1] order denying his motion to vacate his conviction or reduce his
sentence under 28 U.S.C. § 2255.  Premachandra argues that his trial
counsel was ineffective, his plea was involuntary, and the district court
failed to advise him of the consequences of supervised release before he
pleaded guilty.  We affirm.

_____

        [1]The HONORABLE DONALD J. STOHR, United States District Judge
for the Eastern District of Missouri.

1.  Premachandra first argues that his trial counsel was ineffective in failing to adequately investigate a potential insanity defense before urging Premachandra to plead guilty.  Premachandra has two serious mental illnesses, obsessive compulsive disorder and bipolar affective disorder.  Prior to trial, he was examined by mental health professionals at the Federal Medical Center in Springfield, Missouri.  They opined that he was competent to stand trial and not legally insane at the time of the robberies.  Premachandra then pleaded guilty to the robbery offenses.

The government's response to this § 2255 motion included trial counsel's lengthy affidavit, which explained that before the change of plea counsel consulted with Premachandra's treating psychiatrist and other mental health professionals and learned that none could support an insanity defense.  Counsel also discussed the option of an insanity defense with Premachandra and his parents; the family did not favor that option because of the likelihood that such a defense, if successful, would lead to an indefinite psychiatric confinement.  Premachandra did not reply to this affidavit and presented no new evidence of insanity.  Thus, the district court properly rejected this claim.  See Sidebottom v. Delo, 46 F.3d 744, 753 (8th Cir.), cert. denied, 116 S. Ct. 144 (1995).

2.  Premachandra next argues that his guilty plea was involuntary because counsel incorrectly advised that he would not serve a lengthy prison term if he pleaded guilty and need not worry about an error in the stipulation of facts that accompanied the plea.[2]  However, Premachandra expressly acknowledged at the change-of-plea hearing that he could receive a sentence of up to twenty-five years in prison, that his sentence would not be determined until a presentence report had been prepared, that he was bound by

---

[2]The alleged error was in failing to recite that Premachandra used a toy gun in one of the robberies.  As our prior opinion made clear, making this change to the stipulation would not have affected his sentence.  See 32 F.3d at 349.

-2-

his plea even if he received a longer sentence than expected, and that he agreed to the stipulation of facts.  In these circumstances, his plea was voluntary.  See Thomas v. United States, 27 F.3d 321, 325-26 (8th Cir. 1994); Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990).

3.  Premachandra next argues that the district court violated Fed. R. Crim. P. 11(c)(1) by failing to explain the ramifications of supervised release before accepting his guilty plea.  This claim was not raised on direct appeal and is therefore procedurally defaulted.  Premachandra makes no showing of cause and prejudice that would excuse his procedural default. Therefore, § 2255 relief is barred.  See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), cert. denied, 507 U.S. 945 (1993), applying United States v. Frady, 456 U.S. 152, 168 (1982).

4.  Premachandra next argues that trial counsel was ineffective in failing to argue for a downward departure under U.S.S.G. § 5H1.3 based upon Premachandra's mental condition.  Section 5H1.3 provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." At sentencing, defense counsel urged the court to depart downward under U.S.S.G. § 5K2.13 because of Premachandra's "significantly reduced mental capacity."  However, the district court held that a § 5K2.13 departure was not available because Premachandra's bank robberies were violent offenses. In denying this § 2255 motion, the court held that counsel's assistance at sentencing was not ineffective "because no other departure based on mental condition is available under the guidelines."

On appeal, Premachandra argues that § 5H1.3 is an independent source of departure authority, citing Ninth Circuit decisions in United States v. Garza-Juarez, 992 F.2d 896, 913 (9th Cir. 1993),

cert. denied, 510 U.S. 1058 (1994), and United States v. Roe, 976 F.2d 1216, 1218 (9th Cir. 1992). However, § 5H1.3 cross references the more specific departure provisions of Subpart 5K2. Because Premachandra's argument for departure is that he suffers from a mental condition that diminishes his criminal capacity, the district court correctly held that § 5K2.13 provides the only basis for departure under our decision in United States v. Dillard, 975 F.2d 1554, 1555 (8th Cir. 1992), cert. denied, 507 U.S. 962 (1993):

> [T]he Sentencing Commission adequately considered the circumstances for downward departure based on diminished mental capacity when it formulated section 5K2.13, thus foreclosing consideration of diminished mental capacity under section 5K2.0.

Therefore, Premachandra's trial counsel properly relied solely upon § 5K2.13 in urging a downward departure at sentencing.

5. Finally, Premachandra argues that the district court erred in denying him an evidentiary hearing. We disagree. After the government responded to his § 2255 motion with trial counsel's affidavit, Premachandra moved for an extension of time in which to reply. The motion was denied, and Premachandra does not challenge that ruling on appeal. As a result, the record contains no response to counsel's affidavit and no fact submission to the district court suggesting a need for an evidentiary hearing. Thus, any question of an evidentiary hearing has been waived.

The district court Order dated October 23, 1995, denying Premachandra's § 2255 motion is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.