120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony TRISTAN, Defendant-Appellant.
 No. 96-10168.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Anthony Tristan appeals from his 210-month sentence following his guilty plea to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Tristan first contends that the district court erred by determining that he was not entitled to a downward departure based on his childhood abuse under U.S.S.G. § 5H1.12 in combination with other factors. This contention lacks merit.
 
 
 4
 We review a district court's interpretation and application of the Sentencing Guidelines de novo. See United States v. Meyers, 112 F.3d 406, 408-09 (9th Cir.1997). The psychological effects of childhood abuse do not provide a basis for sentencing departure under U.S.S.G. § 5H1.12 unless the circumstances of the abuse were extraordinary. See United States v. Roe, 976 F.2d 1216, 1217-18 (9th Cir.1992). The district court's finding that the circumstances of abuse were not extraordinary is reviewed for clear error. See id.
 
 
 5
 Here, Tristan offered letters from his grandparents and a cousin stating that his father was often in prison and was "very abusive" to Tristan during his childhood, but Tristan offered no evidence that the circumstances of the abuse were extraordinary. Accordingly, the district court's finding that it could not depart downward on that basis was not clearly erroneous. See id.
 
 
 6
 Tristan also contends that the district court failed to consider a downward departure based on his claim of extraordinary acceptance of responsibility. However, the district court recognized it had the discretion to depart downward on that ground, and therefore its decision is not reviewable on appeal. See United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).
 
 
 7
 Tristan finally contends that the district court erred by refusing to grant him a downward adjustment under U.S.S.G. § 3B1.2 because he was a small part of a larger drug trafficking operation and therefore was only a minor or minimal participant. This contention lacks merit.
 
 
 8
 We review for clear error the district court's finding that a defendant was not a minor or minimal participant. See United States v. Ruelas, 106 F.3d 1416, 1419 (9th Cir.), cert. denied, 65 U.S.L.W. 3826 (U.S. June 16, 1997) (No. 96-9039). A downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994).
 
 
 9
 At the time of his arrest, Tristan was in possession of 1.13022 kilograms of pure methamphetamine. Furthermore, he negotiated a deal to sell a quarter pound of the drug. Therefore, the district court's finding that Tristan was not a minor or minimal participant is not clearly erroneous. See id. at 1436-37; Ruelas, 106 F.3d at 1419 (upholding denial of adjustment where defendant who was part of larger operation negotiated drug transaction without assistance); see also United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (upholding finding that defendant was not a minor or minimal participant where defendant possessed a substantial amount of drugs).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3