**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William Anthony DIGILIO,
Defendant–Appellant.**

No. 99–10598.

D.C. No. CR–94–00043–1–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2001 San
Francisco, California *.

Decided July 5, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

## MEMORANDUM **

After pleading guilty to possession of methamphetamine and money laundering, William Anthony Digilio was sentenced to a 148 month term. He appeals the sentence.

■ Digilio first contends that the District Judge violated Sentencing Guideline section 6A1.3(b) and Federal Rule of Criminal Procedure 32(c)(1) when he failed to rule explicitly on Digilio's request for a departure based on vulnerability to abuse in prison because he had Acquired Immune Deficiency Syndrome (AIDS). In response to the vulnerability to abuse claim, the District Judge commented, "[o]kay. Well, that's very often the case. I certainly will not accept the idea of giving him home detention." He also commented that he had read defendant's memo on the issue. This satisfies the requirement of an explicit ruling.

■ Digilio next contends that the District Judge violated 18 U.S.C. § 3553(c)(1) by failing to explain how he arrived at the 148 month sentence. Section 3553(c)(1) provides that, if a sentencing range spans more than 24 months, the court must state its reasons for imposing a sentence at a particular point within the range. This subsection is inapplicable, however, where, as here, the judge grants a departure to a sentence outside of the guidelines range. *United States v. Roe,* 976 F.2d 1216, 1219 (9th Cir.1992). Moreover, the record is clear that the District Court settled on a 148 month sentence by determining that Digilio's base offense level was 31 and his

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

criminal history category V, and then granting two ten month downward departures. Therefore, Digilio's argument on this issue cannot succeed.

▮ Finally, Digilio contends that the District Court misinterpreted the law under *United States v. Mendoza*, 121 F.3d 510 (9th Cir.1997). In *Mendoza*, this Court held that district courts have legal authority under the Guidelines to consider downward departures on the ground that the defendant "had no control over, or knowledge of, the purity of the methamphetamine that he delivered." *Id.* at 513. The District Court's comments on *Mendoza* reflect a clear understanding of this standard. Digilio's argument that the district court confused a *Mendoza* departure with a role or culpability departure cannot be supported. *Mendoza* itself recognizes the close connection between these departures, suggesting that the difference may only be one of degree. *See id.* at 514. *Mendoza* also warns that the appellate court should defer to the district court in making this determination. *Id.* Therefore, the District Court's use of the words "role" and "culpability" do not indicate a misunderstanding of *Mendoza*. Finally, Digilio appears to suggest that any case falling outside the "heartland" of the sentence must receive a *Mendoza* departure. In fact, when a case falls outside the "heartland," a downward departure is permissible but not necessarily mandatory. *Id.* at 515. For these reasons, the District Court did not err in refusing to grant a downward departure under *Mendoza*.

AFFIRMED.