UNITED STATES of America,
Plaintiff–Appellee,

v.

Lewayne I HOLLINS, Defendant–
Appellant.

No. 00–10601.

D.C. No. CR–99–00326–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

LeWayne I. Hollins appeals the 70–month sentence imposed by the district court following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand in part and dismiss in part.

Hollins contends that the district court erred by finding that his childhood abuse was not extraordinary for purposes

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hollins's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of a downward departure under *United States v. Roe*, 976 F.2d 1216 (9th Cir.1992) (concluding that where extraordinary childhood abuse is present, district court may consider such circumstance as ground for discretionary departure); *see also United States v. Walter*, 256 F.3d 891, 894 (9th Cir.2001) (stating that psychological effects of childhood abuse can only be considered if such abuse was "extraordinary"). We review for clear error a district court's determination that childhood abuse was not extraordinary. *Id.*

The record here shows that as a child, Hollins was subjected to extreme verbal and physical abuse at the hands of his mother ranging from repeatedly being told that she hated him to being stomped on while naked, in addition to having witnessed his mother engage in prostitution and heroin drug use throughout the course of his childhood. The fact that Hollins was intermittently removed from the home and placed in either foster or group homes does not negate the effects of 18 cumulative years of such abuse. *See id.* (holding that simple fact that Walter defended himself against his father's attack does not conflict with allegation of history of abuse). Therefore, we remand to the district court for consideration of Hollins's extraordinary abuse as a ground for departure. *Id.* at 894–895.

■ Hollins also contends the district court erred by refusing to grant a downward departure based on a combination of factors, including childhood abuse, duress, and diminished capacity. Because there is no evidence in the record that the district court did not recognize its authority to depart, this contention is not reviewable on appeal. *United States v. Cook*, 938 F.2d 149, 152 (9th Cir.1991).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

REVERSED and REMANDED in part, DISMISSED in part.