

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2003

# USA v. Barbour

Precedential or Non-Precedential: Non-Precedential

Docket 02-3239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Barbour" (2003). *2003 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 02-3239

UNITED STATES OF AMERICA

v.

GRANT BARBOUR, a/k/a "G"

Grant Barbour,

<u>Appellant</u>

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 01-cr-00373-10)
District Judge: Hon. Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2003

BEFORE: MC KEE, SMITH and COWEN, <u>Circuit Judges</u>

(Filed :   April 22, 2003)

OPINION

COWEN, <u>Circuit Judge</u>.

Appellant Grant Barbour and eleven co-defendants were charged in a one-count

indictment with conspiracy to possess and distribute a controlled substance in violation of

21 U.S.C. § 846.  On November 1, 2001, Barbour pled guilty to possessing more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Barbour's violation carried a possible term of imprisonment between 188 and 235 months under the relevant provisions of the United States Sentencing Guidelines.  Prior to sentencing, Barbour moved for a downward departure pursuant to U.S.S.G. §§ 5H1.3 and 5K2.0 based on psychiatric illness and mitigating family circumstances.  The District Court declined to exercise its discretion to depart from the guidelines, and on August 2, 2002, Barbour was sentenced to a prison term of 188 months.  The District Court further sentenced Barbour to a five-year period of supervised release to commence after his term of imprisonment.  This timely appeal followed.  The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291.

Barbour's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) stating that no non-frivolous issues exist for appeal.  The United States agrees with this representation.  In Anders, the Supreme Court established that where a conscientious examination of the record convinces counsel representing an indigent criminal defendant that no meritorious issues exist for appeal, counsel may seek to withdraw from further representation.  Id. at 744; United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001).[1]  Our

_____

[1] Rule 109.2(a) of the Third Circuit states:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) which shall be served upon the appellant and the United States.  The United States shall file a brief in response.  Appellant may also file a brief

evaluation of an <u>Anders</u> brief considers whether counsel has adequately fulfilled the requirements of L. App. R. 109.2(a), and whether our independent review of the record reveals any non-frivolous issues. <u>Youla</u>, 241 F.3d at 300; <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000). A satisfactory <u>Anders</u> brief requires evidence that counsel has thoroughly and conscientiously examined the record for appealable issues, and an explanation of why the issues presented are frivolous. <u>Youla</u>, 241 F.3d at 300; <u>Marvin</u>, 211 F.3d at 780. It is not necessary for counsel to "raise and reject every possible claim," but the brief must demonstrate a conscientious review of the case. <u>Youla</u>, 241 F.3d at 300.

After considering the submission of Barbour's counsel, and following our own independent review of the present record, we agree that there are no non-frivolous issues for appeal. Prior to accepting Barbour's plea, the District Court engaged in an extensive colloquy focusing on Barbour's mental impairment. Barbour's counsel also correctly notes that to the extent the District Court acknowledged its discretion to depart from the Guidelines, but nonetheless determined that departure was not warranted, we lack jurisdiction to review the sentence. <u>United States v. Marin-Castaneda</u>, 134 F.3d 551, 554 (3d Cir. 1998).

---

in response <u>pro</u> <u>se</u>. After all the briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's <u>Anders</u> motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

In addition to the arguments of counsel, Barbour has filed a pro se brief raising an additional issue for appeal. Anders, 386 U.S. at 744; L. App. R. 109.2(a). Barbour argues that at his sentencing the government mischaracterized the findings of Catherine Barber, Ph.D., a clinical and forensic psychologist. Dr. Barber examined Barbour and concluded that his mental health satisfied the clinical criteria for a schizoaffective disorder, depressive type. Dr. Barber's report concluded that "Mr. Barbour suffers from a psychiatric condition of sufficient severity to have interfered significantly with his ability to exercise the power of reason not only at the time of the offense but generally throughout the course of his adult life." Barbour argues that the government mischaracterized these findings at the sentencing hearing by stating: "And I think, and counsel can certainly respond if I'm misstating it, but I think counsel, in effect, concedes that there is no causal association between the mental illness and the desire to profit from selling drugs." App. at 137. From this statement, Barbour seeks to raise two constitutional challenges resting on a denial of Due Process.

First, Barbour argues that the District Court relied on the government's characterization in erroneously concluding that it lacked discretion to depart from the guidelines. Barbour cites the Ninth Circuit's decision in United States v. Roe, 976 F.2d 1216 (9th Cir. 1992), which remanded the denial of a downward departure motion under § 5H1.3, after finding clear error in the district court's holding that the defendant's severely abusive upbringing was not sufficiently extraordinary to warrant departure. However, the district court in Roe did not decline to exercise its discretion; rather, it believed it lacked

4

discretion to depart absent sufficiently extraordinary circumstances. <u>Id.</u> at 1218 n.1

(noting that "we are not reviewing the district court's discretionary decision not to depart

from the Guidelines," but "a factual finding that the district court believed prevented it from

exercising its discretion). In this case, the District Court repeatedly recognized that

"[u]nder 5H1.3, the Court has the discretion to depart downward . . . ." App. at 142.

Proceeding from our own independent review of the record, we also consider for an

abuse of discretion the District Court's determination that Barbour's psychological

impairment was insufficiently extraordinary. Although we have not yet addressed this

issue, we note that several Circuit Courts have held that a downward departure may be

appropriate in cases of extraordinary childhood abuse. <u>United States v. Walter</u>, 256 F.3d

891, 894 (9th Cir. 2001); <u>United States v. Rivera</u>, 192 F.3d 81, 84-85 (2d Cir. 1999);

<u>United States v. Pullen</u>, 89 F.3d 368, 372 (7th Cir. 1996); <u>but</u> <u>see</u> <u>Premachandra v. United</u>

<u>States</u>, 101 F.3d 68, 70 (8th Cir. 1996). While these decisons do not announce the precise

parameters of extraordinary circumstances warranting departure, the cases indicate that the

defendant's impairment must contribute to the commission of the offense. <u>Rivera</u>, 192

F.3d at 85-86; <u>Pullen</u>, 89 F.3d at 372; <u>Roe</u>, 976 F.2d at 1218.

In this case, the District Court found that Barbour had failed to demonstrate a

sufficiently strong causal nexus between his mental impairment and his recidivism. App. at

143. Absent that nexus, the District Court reasoned, there was no basis for finding Barbour

did not appreciate the wrongfulness or criminality of his actions. App. at 145. Instead, the

District Court found that Barbour was a mature adult of average intelligence who engaged in

5

criminal activity for profit. App. at 144. The District Court concluded that Barbour's misconception of the risk of detection and arrest did "not present an unusual situation, and certainly not a basis for departure." App. at 145. For these reasons, the District Court declined to exercise its discretion to depart from the Guidelines, and instead opted to impose a sentence at the bottom of the range.

Following the decisions in Rivera and Pullen we also decline to outline the precise facts that warrant a finding of exceptional circumstances, "mindful that the determination of whether the case is extraordinary is committed to the discretion of the district judge." Pullen, 89 F.3d at 372 (citing Koon v. United States, 518 U.S. 81 (1996)). Therefore, we hold only that on the present record the District Court did not abuse its discretion in finding that Barbour failed to demonstrate "that any abuse he may have suffered rose to the extraordinary level that can be assumed to cause mental or emotional pathology." Rivera, 192 F.3d at 86.

Finally, Barbour argues that the government affirmatively misled the District Court resulting in a prejudicial denial of his motion for a downward departure. Barbour did not raise this argument before the District Court, and hence we consider his claim that the District Court relied on the government's characterization only for plain error. United States v. Richards, 241 F.3d 335, 341 (3d Cir. 2001). Plain error requires the appellant to show 1) that an error was committed, 2) that the error was plain, and 3) that the error affected a substantial right. United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (citing United States v. Olano, 507 U.S. 725 (1993)). If each of these factors indicates plain error,

6

we will correct the mistake only if it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Reynoso, 254 F.3d 467, 474-75 (3d Cir. 2001).

Here, Barbour has not demonstrated that an error was committed because the government's statement at sentencing did not misrepresent Dr. Barber's report. Dr. Barber did not state that Barbour's abuse caused his criminal acts, but that his condition "interfered significantly with his ability to exercise the power of reason." Supp. App. at 19. Dr. Barber further noted that during her interview, Barbour's demeanor did not suggest an attempt to justify his criminal behavior, and "indeed, he failed to draw any relationship between his early life events and his present behaviors." Supp. App. at 15. Barbour's trial counsel concurred in this assessment, noting that he was "not suggesting a causal relationship" and agreed that mental illnesses "may not have caused him to commit the offense." App. at 122.

In addition, the District Court reviewed Dr. Barber's report and conclusions, ultimately "accept[ing] the diagnosis of schizoaffective disorder, which was arrived at by Dr. Barber." App. at 143; see also id. at 135-36 (discussing additional findings). Taken together, Dr. Barber's report, the statements of Barbour's counsel, and the District Court's independent review, all demonstrate that the government did not misrepresent the psychological findings by stating "that there is no causal association between the mental illness and the desire to profit from selling drugs." App. at 137.

For the foregoing reasons, we find that the issues raised in this appeal lack legal

merit, and find no other non-frivolous issues for review.  L. App. R. 109.2(b).  Accordingly,

we will grant counsel's motion to withdraw and affirm the judgment of the District Court

entered on August 6, 2002.

_____

TO THE CLERK:

Please file the foregoing opinion.


                                          /s/ Robert E. Cowen
                                         United States Circuit Judge