United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1810MN

United States of America,          *
                                   *
            Appellant,             *    Appeal from the United States
                                   *    District Court for the District of
      v.                           *    Minnesota.
                                   *
Jon Paul Wind,                     *
                                   *
            Appellee.              *

_____

Submitted: October 21, 1997
Filed: November 17, 1997

_____

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

During an undercover federal investigation of child pornography trafficking on computer online services, Jon Paul Wind sent an undercover agent computer image files of children engaged in sexually explicit conduct. After further investigation, including a search of Wind's home and computer files, the Government charged Wind with three counts of distribution of child pornography and two counts of possession of child pornography. Wind pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (1994). Although application of the U.S. Sentencing Guidelines Manual (U.S.S.G. or Guidelines) resulted in a sentencing range of twelve to eighteen months, the district court departed downward under U.S.S.G. §

5K2.0. Concluding Wind's criminal conduct fell outside the heartland of typical child pornography cases, the district court imposed a sentence of eight months of imprisonment and five years of supervised release. In addition, the court fined Wind $20,000 and ordered forfeiture of his computer equipment. The Government appeals Wind's eight-month sentence, asserting the district court abused its discretion in departing from the Guidelines range. We vacate Wind's sentence and remand for resentencing.

District courts can depart downward from the applicable Guidelines range when they find a "'mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines.'" U.S.S.G. § 5K2.0 (1995) (quoting 18 U.S.C. § 3553(b)). Each Guideline carves out a heartland--a set of typical cases embodying the conduct that the Guideline describes. See Koon v. United States, 116 S. Ct. 2035, 2044 (1996). The Guidelines do not adequately take atypical cases into consideration, however. See id. "'When a court finds an atypical case, one to which a particular [G]uideline linguistically applies but [in which] conduct significantly differs from the norm, the court may consider whether a departure is warranted.'" Id. (quoting U.S.S.G. ch. 1, pt. A, intro. commentary 4(b) (1995)). In other words, "[d]eparture is appropriate 'only in the extraordinary case--the case that falls outside the heartland for the offense of the conviction.'" United States v. Sharma, 85 F.3d 363, 364 (8th Cir. 1996) (quoting United States v. McFarlane, 64 F.3d 1235, 1239 (8th Cir. 1995)). With the exception of certain specified factors that can never be bases for departure, the Sentencing Commission has not limited the kinds of factors that may make a case atypical and provide potential grounds for departure. See Koon, 116 S. Ct. at 2044-45. Nevertheless, the Commission lends courts some guidance by identifying certain factors as either encouraged or discouraged grounds. See id. at 2045.

In keeping with an agreement between Wind and the Government, the district court applied U.S.S.G. § 2G2.4, which deals with possession of child pornography, to

determine Wind's Guidelines sentence.    In deciding Wind's case was atypical, the district court found "most persuasive the results of various psychological, psychiatric, and other Court-ordered tests which . . . reveal that [Wind] is not a typical child predator" or pedophile.  Reliance on this ground was erroneous.  The Child Protection Act of 1984, 18 U.S.C. §§ 2251-2260 (1994), specifies several crimes involving sexual exploitation of children.  The corresponding Guidelines, U.S.S.G. §§ 2G2.1-.5, assign different offense levels for the different offenses and provide enhancements for specific criminal conduct.  Because the Guidelines take into account the gravity of a possession offense as compared with more serious forms of exploitation, Wind is not entitled to a downward departure on the ground that he did not commit, or have the tendency to commit, a worse crime.  See  United States v. Barton, 76 F.3d 499, 503 (2d Cir. 1996); United States v. Deane, 914 F.2d 11, 13-14 (1st Cir. 1990); United States v. Studley, 907 F.2d 254, 258 (1st Cir. 1990).  Like other courts, we are unwilling to assume that typical possessors of child pornography are also pedophiles.  See Barton, 76 F.3d at 503.  Although we respect the district court's "substantial experience dealing with child predators and sexual deviants," the district court should have compared Wind to other persons who merely possessed child pornography, rather than child pornographers guilty of other acts.  In sum, Wind's lack of sexual tendencies towards children does not make his possession of child pornography significantly different from the normal case of child pornography possession.

The district court also believed the federal investigators' discovery of only computer files containing images of child pornography, as compared to the various items listed in the search warrant and supporting affidavit, suggested "this is not your typical child pornography case."  The district court cited no authority for using the warrant to define the heartland of child pornography possession.  We reject the district court's novel view.  Sentencing courts must determine whether a defendant's conduct differs significantly from the norm by comparing the defendant's case to other Guidelines cases.  See Koon, 116 S. Ct. at 2047.  Here, the warrant simply sought to satisfy the Fourth Amendment's specificity requirement by identifying all items that

might be found and seized. See United States v. Saunders, 957 F.2d 1488, 1491 (8th Cir. 1992). We doubt that every item is found in most cases. Besides, Wind pleaded guilty to violating a statute prohibiting the possession of three or more items of child pornography, see 18 U.S.C. § 2252(a)(4), and to possessing fifteen items. The applicable Guideline provides for a two-level enhancement if the offense involves possession of ten or more items of child pornography. See U.S.S.G. § 2G2.4(b)(2). Thus, the amount of child pornography possessed by Wind cannot be deemed less than typical for cases to which section 2G2.4 applies.

The district court relied least on Wind's lack of a criminal record and otherwise exemplary lifestyle as placing his case outside of the heartland of typical child pornography cases. The court noted Wind had never been convicted of a crime, has a solid family, educational, and employment background, and "is inherently an honest, thoughtful, and compassionate person." Given these circumstances, the district court believed Wind's criminal conduct was aberrant behavior in general. See United States v. Kalb, 105 F.3d 426, 429 (8th Cir. 1997). We reject the district court's reasons for concluding Wind's criminal behavior was aberrant justifying a departure. Because the Guidelines adequately account for the absence of a criminal record, the defendant's lack of a criminal history cannot remove a case from the heartland, see United States v. Planco, 53 F.3d 893, 898 (8th Cir. 1995), cert. denied, 116 S. Ct. 2555 (1996), or serve as grounds for departure below the applicable Guidelines range, see United States v. Franklin, 926 F.2d 734, 737 (8th Cir. 1991). Education, employment, and family ties are discouraged factors that warrant departure only in extraordinary cases, see Koon, 116 S. Ct. at 2045, and the district court did not specify anything extraordinary about Wind's case. Last, although the district court can consider the defendant's character in making a departure decision, see U.S.S.G. § 1B1.4, we doubt the unmentioned factors of honesty, thoughtfulness, and compassion are enough in themselves to take Wind's case outside the heartland. See Koon, 116 S. Ct. at 2045.

We vacate Wind's eight-month sentence and remand for resentencing consistent with this opinion.



A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.