# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3805NE

_____

United States of America,

        Appellant,

v.

Raymond A. Butler, Jr.,

        Appellee,

        \*
        \*
        \*
        \*
        \*   On Appeal from the United
        \*   States District Court
        \*   for the District of
        \*   Nebraska.
        \*
        \*
        \*

_____

Submitted:  June 11, 2002
Filed:  July 18, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

On April 18, 2001, Raymond Butler was indicted in connection with two bank robberies in Omaha, Nebraska.  On July 3, 2001, as part of a plea agreement, the defendant pleaded guilty to two of the three counts in the indictment, robbery of the Great Western Bank (Count I) and brandishing a firearm during the robbery of the

Union Pacific Streamliner Federal Credit Union (Count III).[1] Before the sentencing hearing, the defendant filed a motion for a downward departure. He argued that application of the career-offender guideline was inappropriate because one of the two prior felonies that brought him within that guideline was not serious enough to warrant subjecting him to the career-offender enhancement.

On November 6, 2001, a sentencing hearing was held. The District Court granted the defendant's motion for a downward departure. The defendant received a seven-year sentence of imprisonment (84 months) for the robbery and a mandatory seven-year consecutive sentence for the firearm offense. See 18 U.S.C. § 924(c)(1)(A)(ii). The government appeals, arguing that the downward departure was not justified. According to the government, the career-offender guideline should have been applied, resulting in a sentence of at least 12 years and seven months (151 months) for the robbery. U.S.S.G. § 4B1.1.

I.

We review a departure from the Sentencing Guidelines for abuse of discretion. United States v. Ross, 210 F.3d 916 (8th Cir.), cert. denied, 531 U.S. 969 (2000). "[A]n abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing the factors commits a clear error of judgment." United States v. McNeil, 90 F.3d 298, 300 (8th Cir.), cert. denied, 519 U.S. 1034 (1996) (internal citations omitted); accord, Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984).

---

[1]The charge of brandishing a firearm during the commission of the robbery of the Great Western Bank (Count II) was dismissed pursuant to the plea agreement.

To receive the career-offender enhancement, a defendant must be at least eighteen years old at the time that the instant offense was committed, the instant offense must be a crime of violence, and the defendant must have at least two prior felony convictions for crimes of violence. United States v. Peters, 215 F.3d 861, 862 (8th Cir. 2000); U.S.S.G. § 4B1.1. The defendant in this case does not contest that he has the two prior felony convictions, robbery and sexual assault in the first degree, or that the other career-offender criteria are met. Instead, he alleges that application of the career-offender enhancement would overstate the seriousness of his prior criminal record. Specifically, he contends that his conviction for robbery in 1988, though "technically" a crime of violence, was essentially a non-violent crime. He argues that because the robbery occurred in the daytime, he took precautions to be sure that the house was not occupied, he took only three items, and he was only seventeen years old when he committed the offense, the career-offender enhancement overstates the seriousness of his conduct. The District Court agreed with the defendant's characterization of the nature of the robbery conviction and departed downward. We hold that the District Court abused its discretion by failing to give sufficient weight to the defendant's felony conviction for sexual assault in the first degree.

II.

A district court has authority to depart downward from the applicable sentencing range if a "defendant's criminal history category significantly overrepresents the seriousness of the defendant's past criminal conduct." United States v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993); and see United States v. Brown, 903 F.2d 540, 545 (8th Cir. 1990). In analyzing a district court's departure from the Guidelines, we "must evaluate, first, whether the circumstances relied upon [by the district court] are sufficiently unusual to warrant departure; second, whether the district court clearly erred in finding the historical facts that could justify departure; and third, whether the sentence was reasonable, giving due deference to the

sentencing court's superior position and considering the statutory goal of sentencing." United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991) (internal quotations omitted).

In United States v. McNeil, supra, we held that a district court abused its discretion when it granted a defendant a downward departure because the career-offender guideline overstated the defendant's criminal history. Though the District Court correctly determined that the defendant qualified for the enhancement, the Court emphasized the fact that the defendant was only seventeen when he committed the requisite felonies. In vacating the sentence imposed, we stated that the decision of the District Court to depart downward must "accurately reflect the entire record of the defendant's criminal history." Id. at 301. The presentence investigation report in that case revealed that the defendant's criminal activity began when he was only eight years old. Since that time his criminal record had grown to include multiple convictions for breaking and entering and assault, as well as felony convictions for taking indecent liberties with children, breaking and entering into an automobile, and sexual abuse. We concluded that nothing about the defendant's "long and continuing criminal career was overstated by the application of the career offender guideline." Id. We believe that the same is true in the instant case.

Here, the defendant contends that the McNeil decision is inapplicable because the defendant in that case committed more than the two felony convictions necessary for the career-offender enhancement. We disagree. Though the defendant has been convicted of only two felonies, these alone are sufficient to support the career-offender sentencing enhancement. Moreover, while the District Court focused on the non-violent nature of one of the defendant's convictions, his conviction for robbery, it did not mention the defendant's conviction for sexual abuse when he was nineteen years old. We cannot ignore the details of such a heinous crime. The offense was described in the defendant's Presentence Report (PSR) (to which both parties agreed) as follows:

-4-

> Offense reports indicate the victim . . . advised officers that she heard a noise downstairs at her residence on 10/20/90. When she went downstairs she saw a black male moving her stereo. The suspect put a knife to her throat and forced her upstairs where he sexually assaulted her. The victim was sexually assaulted three times. The defendant forced her to perform oral sex and anal sex. The victim was led to believe that the defendant would possibly kill her. Butler made three trips in and out of her home taking various items. While he was gone the victim untied herself and called her brother and the police. Medical reports indicated sperm was found in the victim's vagina and rectal area.

PSR 13. The nature of this offense must be considered when determining whether the career-offender enhancement overstates the seriousness of defendant's past criminal history. If, as the District Court thought, the robbery was not serious, even though technically a crime of violence, the subsequent offense of sexual assault in the first degree, a legalistic way of saying rape, was so serious, threatening, and violent as to compensate, so to speak, for any mitigating aspects of the robbery.

Additionally, the defendant has a long and continuous history involving numerous other crimes. Beginning when the defendant (age thirty when the instant offenses were committed) was thirteen years old, he has been convicted of numerous offenses. In fact, the PSR reveals that the only break in the defendant's criminal history occurred when he was incarcerated for the commission of the sexual assault, between November 1990 and June 1999. Though his criminal history includes few felonies, it does contain a violent sexual assault in which the victim was raped and sodomized, as well as a large number of other offenses that indicate a pattern of serious criminal activity.

Defendant argues that we should consider only the nature of the two felony offenses that qualify him for the career-offender enhancement. We should disregard, he says, the rest of his criminal history, because the question on appeal is not whether the criminal history as a whole overstates the seriousness of defendant's past conduct, but whether application of the career-offender guideline overstates the effect of the two prior felonies that were crimes of violence. In support of this position, the defendant cites United States v. Smith, 909 F.2d 1164 (8th Cir. 1990), cert. denied, 498 U.S. 1032 (1991), and United States v. Senior, 935 F.2d 149 (8th Cir. 1991). The government, in reply, cites United States v. McNeil, supra, 90 F.3d at 301. The passage from McNeil relied on by the United States indicates the entire record of criminal history should be considered. We find it unnecessary to resolve this conflict between McNeil on the one hand and Brown and Senior on the other, if there really is a conflict. Even if, as defendant urges, we limit our consideration to the nature of the two felonies that qualify him for the career-offender enhancement, we still believe the District Court abused its discretion. For reasons we have explained, when both the robbery and the sexual assault in the first degree are considered, application of the career-offender guideline does not overstate the seriousness of defendant's conduct that places him within that guideline.

## III.

We applaud the District Court's recognition that the Guidelines contain some element of flexibility. We conclude, however, in the instant case that the Court abused its discretion in not giving sufficient weight to the prior offense of sexual assault in the first degree. The judgment of the District Court is reversed, and the case is remanded for resentencing in a manner not inconsistent with this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.