# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1061

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Leonard VanHouten, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  June 28, 2002

Filed:  October 8, 2002

_____

Before McMILLIAN, JOHN R. GIBSON, and LOKEN, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Leonard VanHouten appeals from the sentence imposed upon him following his guilty plea to charges of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (2000).  He argues that he should have received a downward departure from the Guideline range of twenty-four to twenty-seven months because of his atypical means of possession, involving a small number of downloads from an easily accessible website, and because of his extensive family responsibilities,

specifically, caring for an elderly mother. The district court[1] denied VanHouten's request for a downward departure, noting that it was unable to depart under the Guidelines, and sentenced VanHouten to twenty-four months. We affirm the sentence imposed by the district court.

On November 26, 1999, a good friend of Leonard VanHouten informed the Hazen, Arkansas Police Department that he had discovered in VanHouten's bedroom printed photos of children engaged in sex acts. In addition, this friend gave the names of several young girls who had spent time over at VanHouten's house. The Police Department then interviewed two girls, ages 7 and 8, who stated that during their visits, VanHouten had watched them take showers and helped them dry off and had shown them pictures of naked women. Based on these allegations, the Hazen Police Department executed a state search warrant on VanHouten's home and recovered a computer system and printed photographs, both of which contained images of children engaged in sex acts. VanHouten was first charged in Arkansas State Court with offenses arising out of this conduct, and on November 20, 2000, pled guilty to first degree carnal abuse in Prairie County Circuit Court and was sentenced to three years probation. In March of 2001, he was indicted for one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). VanHouten's motion to suppress the evidence seized from his home was denied, and he pled guilty to the indictment on September 17, 2001.

VanHouten's presentence investigation report recommended a base offense level of fifteen as required by U.S.S.G. § 2G2.4(a), a two-level enhancement under U.S.S.G. § 2G2.4(b)(1) for possessing images of prepubescent minors, a two-level enhancement under U.S.S.G. § 2G2.4(b)(3) for using a computer for the receipt and storage of child pornography, and a three-level reduction under U.S.S.G. § 3E1.1 for

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

acceptance of responsibility. These factors were combined for a total offense level of sixteen. VanHouten filed no objections to the report, and the district court adopted and accepted it in its entirety. After reviewing the applicable guideline range, the district court turned to counsel for recommendations. The government offered none. VanHouten's counsel made a brief request for a departure, arguing that there was "no distribution," that imprisonment was "not appropriate," and that it would be better if VanHouten could be "supervised," where "he could continue to provide services to his mother." The district court responded that because "there was no attempt to distribute, [or] pander the material," it did appear to be a "harsh sentence," but that the Sentencing Guidelines did not allow for departure based on the above-mentioned circumstances.

I.

Our ability to review the district court's sentence is carefully prescribed by statute. According to 18 U.S.C. § 3742(f) (2000), a reviewing court must uphold a sentence unless it was "imposed in violation of law," was "imposed as a result of an incorrect application of the sentencing guidelines," was "outside the applicable guideline range and is unreasonable," or was "imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." See also United States v. Evidente, 894 F.2d 1000, 1003-1004 (8th Cir. 1990). In this case, the sentence ordered by the district court was covered by Guideline § 2G2.4, and the decision whether or not to depart was well within the court's discretion. As this Court has noted, a "discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive." United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997). The only exception to this rule is that if the district court somehow believed that it lacked power to exercise discretion to grant VanHouten a downward departure, its decision may present a cognizable claim on appeal. Evidente, 894 F.2d at 1005.

Recognizing the importance of individual circumstances, Congress has permitted district courts to depart from the Guidelines where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (2000). However, the district court must first examine the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission to determine whether a mitigating factor has been discussed, and if so, whether the given circumstance has been an encouraged or discouraged factor for departure. Koon v. United States, 518 U.S. 81, 92-93, 95-96 (1996). The Commission has recognized that there will be exceptional cases. The Sentencing Commission Guidelines Manual explains:

> The Commission intends the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

U.S.S.G. Ch. 1, Pt. A, intro. comment. 4(b), quoted in Koon, 518 U.S. at 93. Under this "heartland" analysis, the district court must identify what aspect of the case makes it unusual, and then consider the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole and decide whether the case is sufficiently outside of the "heartland" so as to justify a departure. United States v. Reinke, 283 F.3d 918, 923 (8th Cir. 2002) (quoting Koon, 518 U.S. at 96).

VanHouten contends that the district court's statements during sentencing indicate that the court believed it could not consider mitigating factors which put this case outside of the "heartland." In particular, VanHouten points to the court's language:

Well, in cases such as this, where, obviously, there was no attempt to distribute, pander this material, it does seem to me to be a harsh sentence. However, under the Sentencing Guidelines my power in a case like this to impose a sentence that I think would be more appropriate is nonexistent. And Mr. Green, in fact, has not alluded to the few reasons that have been recognized by the Eighth Circuit to depart downward in this case. And while I would . . . be inclined to do so, . . . there's just no legal basis.

We believe that these statements show that the district court was aware of potential mitigating circumstances which might place this case outside of the "heartland." But as the court told the parties, even after examining these factors, it had no authority "in a case like this." We interpret this explanation as an acknowledgment that a downward departure could not be justified under the Sentencing Guidelines based on VanHouten's lack of distribution. See United States v.Wind, 128 F.3d 1276, 1277-1278 (8th Cir. 1997). Thus, acting within its discretion, the district court considered the mitigating circumstances proposed and found that VanHouten's case was not so unusual as to warrant a departure under the Sentencing Guidelines. We are without authority to review such a ruling.

Even if we were persuaded by VanHouten's argument that the district court believed it had no authority to depart, we would not necessarily conclude that the court erred by not departing. Rather, after reviewing the record of the sentencing proceeding, we conclude that the district court did not err as a matter of law. We reject VanHouten's arguments that this case is outside the "heartland" of child pornography possession cases and that a departure was warranted based on family responsibilities.

-5-

## II.

First, VanHouten argues that his lack of participation in the distribution of child pornography should serve as a mitigating factor. VanHouten's trial counsel argued at sentencing that the crime was "probably as much ignorance as much as anything. Picking it up off the internet, putting it on a computer. No distribution, no harm done to anyone from it." However, Congress has provided criminal provisions for the mere possession of child pornography under 18 U.S.C. § 2252(a)(4), which are separate from those provisions dealing with transportation, distribution, and sales of such materials under 18 U.S.C. § 2252(a)(1)-(3). Likewise, the Sentencing Guidelines provide separate ranges for the respective crimes, classifying possession of child pornography in Guideline § 2G2.4 as a less serious offense than distribution, which is treated under Guideline § 2G2.2. In keeping with this statutory scheme, this Court has held that the district court should compare those persons convicted of child pornography possession under 18 U.S.C. § 2252(a)(4) to other possessors of child pornography, rather than to child pornographers guilty of other sex offenses. Wind, 128 F.3d at 1278. In Wind, this Court noted that the defendant's "lack of sexual tendencies towards children does not make his possession of child pornography significantly different from the normal case of child pornography possession." Id.

## III.

Second, VanHouten argues that family responsibilities, in particular, taking care of his mother, warrant a downward departure. In certain instances, extraordinary family circumstances can take a case outside of the heartland. United States v. Harrison, 970 F.2d 444, 447 (8th Cir. 1992). Sentencing Guidelines Policy Statement § 5H1.6 makes clear that family ties and responsibilities are not ordinarily relevant to determining whether a sentence is within the applicable guideline range. Because family responsibilities are considered a discouraged factor, departures are to be used only in "extraordinary circumstances." United States v. Bieri, 21 F.3d 811, 818 (8th

Cir. 1994). VanHouten's counsel points out that this Court did conclude that family responsibilities were extraordinary in <u>United States v. Haversat</u>, 22 F.3d 790, 797 (8th Cir. 1994) ("truly exceptional family circumstances" recognized as a grounds for departure where defendant's wife had severe psychiatric problems and where defendant's participation in therapy was an "irreplaceable" part of the doctor's treatment plan for his wife). However, in this case, counsel gave no indication and offered no evidence that VanHouten's mother's condition was life-threatening or that VanHouten's care was a necessary part of her medical treatment. The district court correctly ruled as a matter of law that VanHouten's family responsibilities did not justify a departure.

We affirm VanHouten's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-