# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2961

_____

United States of America,       *
      *
        Appellee,       *
      *    Appeal from the United States
    v.       *    District Court for the
      *    Western District of Arkansas.
Johnny Wayne Brown,       *
      *        [UNPUBLISHED]
        Appellant.       *

_____

Submitted:  November 13, 2002
Filed:  November 19, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Johnny Wayne Brown (Brown) pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  At sentencing, Brown's counsel requested a sentence at the bottom of the applicable Guidelines range, and Brown requested leniency during a lengthy allocution.  The district court[1] sentenced Brown at the bottom of the Guidelines range to 151 months imprisonment.  It also imposed 3 years of supervised release, a $2,000 fine, and $2,180 in restitution.  On appeal, Brown argues the district court mistakenly believed it lacked the power to depart downward.  He also suggests the district court

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

was not required to apply the career-offender enhancement because he expressed remorse for his previous crimes and did not use a weapon during the instant offense.

We do not view the record as indicating the district court was unaware of its general authority to depart. It was simply not clear Brown was requesting a downward departure. Cf. United States v. Riza, 267 F.3d 757, 759-60 (8th Cir. 2001) (district court is presumed to be aware of scope of its ability to depart downward; declining to interpret district court's "cryptic remarks" as misconstruing departure authority). Brown offered no basis for a downward departure. See United States v. VanHouten, 307 F.3d 693, 697 (8th Cir. 2002) (even assuming the district court had been unaware of its ability to depart downward, the failure to do so was not error because the defendant did not show circumstances warranting a departure). We also reject Brown's suggestion that application of the career-offender enhancement was discretionary. See U.S.S.G. § 4B1.1; Stinson v. United States, 508 U.S. 36, 42 (1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.