# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2701

_____

United States of America,            *
                                     *
              Appellee,              *
                                     *    Appeal from the United States
       v.                            *    District Court for the
                                     *    Southern District of Iowa.
Raymond Lee Rice,                    *
                                     *
              Appellant.             *

_____

Submitted:  January 15, 2003

Filed:  June 17, 2003

_____

Before WOLLMAN and MURPHY, Circuit Judges, and AUTREY,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Raymond Rice pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), for which the district court[2] sentenced him to 151 months in prison, to be followed by three years of supervised release.  Rice appeals the sentence,

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

contending that the district court erred in failing to depart downward on account of physical and emotional abuse Rice had suffered as a child.

Our review of a sentence is prescribed by statute. United States v. VanHouten, 307 F.3d 693, 696 (8th Cir. 2002). We are required to uphold a sentence unless it "was imposed in violation of law; was imposed as a result of an incorrect application of the sentencing guidelines; is greater than the sentence specified in the applicable guideline range . . . or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a); see also VanHouten, 307 F.3d at 696.

The district court sentenced Rice in accordance with U.S.S.G. § 2B3.1. In challenging his sentence, Rice contends that the district court erred by failing to recognize its authority to grant him a downward departure. A district court "has the authority, which it may exercise in its discretion," United States v. Evidente, 894 F.2d 1000, 1003 (8th Cir. 1990), to depart from the applicable sentencing guideline if it determines that there is a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ," 18 U.S.C. § 3553(b). See also U.S.S.G. § 5K2.0; VanHouten, 305 F.3d at 696. A "discretionary decision not to depart from the Guidelines is unreviewable on appeal absent an unconstitutional motive." VanHouten, 307 F.3d at 696 (citing United States v. Field, 110 F.3d 587, 597 (8th Cir. 1997). An exception exists, however, when the district court's decision not to depart was based on its "legally erroneous determination that it lacked authority to consider a particular mitigating factor." United States v. Saelee, 123 F.3d 1024, 1025 (8th Cir. 1997) (citation omitted).

Prior to sentencing, Rice asserted that the court should depart downward from the guideline level assigned based upon his career offender status. Rice argued that he should not be treated as a career offender, both because his prior criminal history

had been overstated and because his criminal behavior was the result of the residual effects of the prolonged emotional and physical abuse that he had suffered throughout his childhood and adolescence.

The district court determined that the Sentencing Guidelines proscribed a departure on the grounds proposed by Rice. Section 5H1.12 states, "Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." U.S.S.G. § 5H1.12 (policy statement). Section 5H1.3, which states that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," is applied together with together with § 5K2.13, which precludes courts from departing below the applicable guidelines range if the act is a violent offense, such as bank robbery. Premachandra v. United States, 101 F.3d 68, 70 (8th Cir. 1996); U.S.S.G. § 2B3.1. Based on its reading of applicable case precedent and the guidelines, the district court determined that even considering "the terrible childhood that [Rice] had," the guidelines did not provide "ground[s] for departure."

In United States v. Desormeaux, 952 F.2d 182, 185 (8th Cir. 1991), we did not rule out the possibility that spousal abuse might warrant a downward departure in an unusual case. Likewise, some courts have recognized a limited ground for departure in extraordinary cases in which a defendant was the victim of exceptional emotional or physical child abuse. See United States v. Pullen, 89 F.3d 368, 371 (7th Cir. 1996) (stating that the sentencing court may use a disfavored factor, such as childhood abuse, "as a basis for departing from the guidelines range, 'if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present'") (citing Koon v. United States, 518 U.S. 81, 96 (1996)); see also United States v. Roe, 976 F.2d 1216 (9th Cir. 1992); United States v. Vela, 927 F.2d 197 (5th Cir. 1991). We need not determine whether the type of abuse alleged by Rice can never constitute the basis for a downward departure

under section 5H1.13, however, because as unfortunate as it was, Rice "has not shown how his particular history of abuse makes him an extraordinary robber exceptionally deserving of lenient treatment.  To grant a downward departure in these circumstances would have been an abuse of discretion."  Pullen, 89 F.3d at 372.

The sentence is affirmed.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.