# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1713

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Kevin Joseph Bohnenkamp, also known | * | |
| as Joe Bohnenkamp, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| --------------------- | * | Northern District of Iowa. |
| | * | |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Kevin Joseph Bohnenkamp, also known | * | |
| as Joe Bohnenkamp, also known as | * | |
| Joseph Bohnenkamp, also known as | * | |
| Kevin Steinchen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 3, 2003
Filed: October 7, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kevin Joseph Bohnenkamp pleaded guilty to one count of making a false statement in connection with a loan application, in violation of 18 U.S.C. § 1014; three counts of fraudulent use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B); and one count of bankruptcy fraud, in violation of 18 U.S.C. § 152. His wife also pleaded guilty to related offenses. At sentencing he requested that his and his wife's sentences be staggered for the benefit of their six children. The district court[1] denied this request, and sentenced Bohnenkamp to concurrent 12-month prison terms followed by concurrent 3-year supervised release terms, and restitution in the amount of $8,304.65. Bohnenkamp appeals, arguing that the district court had authority to delay execution of his sentence and abused its discretion in declining to stagger his and his wife's sentences, and that the government breached its agreement not to oppose staggered sentences. After careful review of the record, we affirm.

The court's refusal to delay or stagger Bohnenkamp's sentence is not reviewable, because he does not claim his sentence violated the law, was the result of an incorrect application of the Guidelines, or exceeded the applicable Guidelines range. See 18 U.S.C. § 3742(a); United States v. Rice, 332 F.3d 538, 539 (8th Cir. 2003). Further, the government's statements during sentencing, which merely corrected the chronology of events and a statutory subsection, did not breach its agreement. Cf. United States v. Perrera, 842 F.2d 73, 75 (4th Cir.) (per curiam) (prosecutor had duty to bring all relevant information to court's attention and doing so did not violate plea agreement), cert. denied, 488 U.S. 837 (1988).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Accordingly, we affirm the judgment of the district court.

_____