# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1180

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Carlos Quinones-Rodriguez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 5, 2003
Filed: October 7, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Carlos Quinones-Rodriguez (Quinones) appeals from the sentence imposed by the District Court[1] after he pleaded guilty to conspiring to distribute and possession with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846 (2000).

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Prior to sentencing, Quinones objected to all of the criminal history points recommended in the presentence report (PSR) for his prior criminal sentences, on the basis that there was no showing he had been legally represented, or had voluntarily waived his right to counsel, as to any of the sentences. At the sentencing hearing, Quinones expanded his objection to include the existence of the convictions underlying two November 1999 sentences. The government submitted a copy of a plea agreement related to one of the November convictions. As to the other conviction, the government admitted that it had no supporting documents. The District Court found that the plea agreement along with the PSR provided sufficient evidence of both convictions, and that Quinones also had not met his burden of showing he was denied the right to counsel as to his prior convictions.

Quinones then moved for a downward departure, arguing that his status as a deportable alien would make him ineligible for some Bureau of Prisons programs, and that he would voluntarily waive his resistance to deportation. As to Quinones's first argument, the Court found there were no exceptional circumstances warranting a departure based on his deportability. As to the second argument, the Court noted it had discretion to grant a downward departure when a defendant voluntarily waived his right to deportation proceedings; recognizing, however, that Quinones was going to be "back" before the Court on a government motion for a downward departure, the Court denied his departure motion. The Court sentenced Quinones to 235 months of imprisonment and 5 years of supervised release.

On appeal, Quinones argues that the District Court erred (1) in assessing criminal history points for the November 1999 sentences, because the evidence offered by the government was insufficient to substantiate the underlying convictions; (2) in adding two criminal history points based on Quinones's probationary status when he committed the instant offense, because the bill of particulars specified that he did not enter the conspiracy until September 1, 2002; and (3) in relying on the

possibility of a future departure motion by the government to deny his own departure motion.

Quinones's reliance on the bill of particulars, in challenging the two-point enhancement for being on probation when he committed the instant offense, is raised for the first time on appeal; thus we review this argument only for plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (requiring plain error as the standard of review). There is an obvious clerical error in the bill of particulars, which specifies that Quinones entered the conspiracy on September 1, 2002, and exited it on April 18, 2002. Further, the unobjected-to statements in the PSR indicate Quinones was involved in the conspiracy as early as July 2001, and it is undisputed that Quinones was sentenced to 6 months probation in May 2001 for an assault. The District Court did not plainly err in assessing the enhancement. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (recognizing that a district court may accept as true all unobjected-to factual statements in PSR); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (holding that a typographical mistake on a bill of particulars was not a source of reversible error), cert. denied, 439 U.S. 819 (1978). Also, we find that the District Court's discretionary decision not to depart is unreviewable. See United States v. VanHouten, 307 F.3d 693, 696 (8th Cir. 2002) (holding discretionary decisions not to depart are not reviewable absent a finding of unconstitutional motive).

We believe that the District Court erred, however, in overruling Quinones's objection to the fact of the convictions underlying his November 1999 sentences. The plea agreement offered by the government in support of one of the contested convictions does not, in our view, establish that Quinones actually entered the plea that was the subject of the agreement. The government offered nothing to support the second contested conviction, and the District Court erred in relying on the objected-to statements in the PSR. See United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc) (holding that a PSR is not evidence and is not legally sufficient basis for

making findings on contested issues of material facts), <u>cert. denied</u>, 507 U.S. 989 (1993).  Because Quinones did not raise this objection until the sentencing hearing, however, the government should be given an opportunity on remand to present evidence to support the convictions.  We thus remand for an evidentiary hearing on this issue and resentencing.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____