# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1245

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Rosalio Rios-Melendres, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2003

Filed: February 3, 2004

_____

Before WOLLMAN, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

PER CURIAM.

Rosalio Rios-Melendres pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. He was sentenced to 121 months of imprisonment. He now appeals, arguing that the district court[1] erred in failing to grant his request for a downward departure to 108 months of imprisonment. We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Rios-Melendres was convicted of a crime that requires the imposition of a mandatory minimum sentence of 120 months. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court may impose a sentence below the mandatory minimum in two circumstance: where the government makes a substantial assistance motion under 18 U.S.C. § 3553(e) or where the defendant is eligible for safety-valve treatment under 18 U.S.C. § 3553(f). The government did not make a motion for a downward departure, and Rios-Melendres was not eligible for safety-valve treatment because he had four criminal history points, yielding a category III,[2] and because he did not disclose all relevant information to the government. So, the district court could not have imposed a sentence below the statutory mandatory minimum of 120 months.

Although it could have departed downward to a sentence of 120 months, the district court denied as not justified by the facts Rios-Melendres' motion for a downward departure under U.S.S.G. § 5K2.0 based upon his family circumstances. Such a decision is not subject to review. United States v. VanHouten, 307 F.3d 693, 697 (8th Cir. 2002).

The sentence is affirmed.

_____

---

[2]Although the district court granted his unopposed motion to reduce his criminal history category to I, Rios-Melendres still did not qualify for safety-valve treatment. United States v. Webb, 218 F.3d 877, 881-82 (8th Cir. 2000).