# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2330

_____

United States of America,           *
                                    *
          Appellee,                 *   Appeal from the United States
                                    *   District Court for the District
     v.                             *   of Minnesota.
                                    *
Sulieman Mohammed Hamed,            *        [UNPUBLISHED]
                                    *
          Appellant.                *

_____

Submitted:  February 10, 2004

Filed:  February 17, 2004

_____

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sulieman Mohammed Hamed pleaded guilty to aiding and abetting distribution of MDMA ("Ecstasy").  The presentence report (PSR) and plea agreement placed Hamed in criminal history category III.  Asserting category III overstated his criminal history, Hamed moved for a downward departure under U.S.S.G. § 4A1.3 (2002) (permitting departure when defendant's criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes).  The Government opposed the motion, noting Hamed had accumulated ten earlier convictions and had violated his probation

seven times. The district court[*] declined to depart downward, stating, "[I]f not for the probation violations . . . I probably would grant the motion. . . . I decline to do so for that reason." Hamed appeals the denial of his departure motion.

"Absent an unconstitutional motive, we have no authority to review a district court's discretionary decision not to depart from a guideline sentencing range." United States v. Walterman, 343 F.3d 938, 942 (8th Cir. 2003). Hamed does not dispute that the district court's refusal to depart was discretionary, but asserts the district court was unconstitutionally chilled from departing by the PROTECT Act's Feeney Amendment, which expands appellate review of sentencing departures and establishes reporting requirements for sentencing decisions. See United States v. Gonzales-Ortega, 346 F.3d 800, 801-02 (8th Cir. 2003). We doubt that being disinclined to depart because of the Feeney Amendment amounts to an unconstitutional motive. We need not decide the constitutional issue, however, because the record does not support Hamed's factual assertion. The district court's comment that others are critical of Koon v. United States, 518 U.S. 81 (1996) (discussing downward departures), is no basis for believing the district court was deterred from departing based on the Feeney Amendment, which the district court did not mention. Without a substantial showing that the district court had an unconstitutional motive, we cannot review the district court's discretionary refusal to depart. Walterman, 343 F.3d at 942; United States v. Williams, 324 F.3d 1049, 1050 (8th Cir. 2003) (per curiam).

We thus affirm Hamed's sentence.

_____

_____

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.