# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2728

_____

United States of America,

        Appellee,

v.

Kevin Lamar Goff,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Eastern
\* District of Arkansas.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: March 9, 2009
Filed: April 1, 2009

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kevin Lamar Goff appeals the 262-month sentence following his guilty plea to one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Goff argues that the district court[1] erred in (1) finding him to be a career offender and (2) failing to grant a variance. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Goff contends that he is not a career offender under United States Sentencing Guideline § 4B1.1. He maintains that one of his prior convictions was expunged by an Order of Dismissal from an Arkansas state court in 1992. The district court properly found that the state Order dismissed only a petition to revoke parole, as evidenced by the fact that Goff's parole was later revoked in 1993. Thus, Goff qualified for career offender status. *See United States v. Walterman*, 343 F.3d 938, 940 (8th Cir. 2003) ("Generally, a district court's determination of whether a defendant's prior convictions qualify him as a career offender is factual, and thus we review for clear error.").

The district court also did not err in sentencing within the Guidelines. *See United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008) (sentencing within the Guidelines range is accorded a presumption of substantive reasonableness on appeal). The district court adequately considered the § 3553(a) factors, noting the seriousness of the offense and the possibility of recidivism. *See United States v. Washington*, 515 F.3d 861, 867 (8th Cir.), *cert. denied*, 128 S.Ct. 2493 (2008) (this court gives due deference to the analysis of § 3553(a) factors by the district court, unless it fails to consider a relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment). The district court did not abuse its discretion in refusing to vary from the Guidelines.

The judgment is affirmed.

_____